**In the Matter of the Complaint for a Writ of Habeas Corpus for Herbert D. BRUMFIELD, Petitioner.**

**No. C–3–83–150.**

United States District Court, S.D. Ohio, W.D.

July 26, 1984.

———

Thomas L. Crowl, Ashley C. Brown, Dayton, Ohio, for petitioner.

Julia Clay, Child Support Enforcement, Dayton, Ohio, for respondent.

Catherine B. Wilder, Ken Pohlman, Asst. Pros. Attys., Dayton, Ohio, for defendant.

## DECISION AND ENTRY DISMISSING CAPTIONED CAUSE DUE TO MOOTNESS; TERMINATION ENTRY

RICE, District Judge.

The Petitioner's Brief, filed on March 17, 1983 (Doc. # 3) on the issue of mootness, reveals the following facts which, although not stipulated to by and between the parties or proven in Court, are adopted as true for the purposes of this Decision and Entry:

1. The Petitioner was divorced in Montgomery County, Ohio, on August 29, 1978, by Order of the Montgomery County Domestic Relations Court. The final Order of that Court required him to pay the sum of $50.00 per week in child support. He was unrepresented in the matter of his divorce and was unemployed at that time.

2. On May 27, 1982, the Montgomery County Prosecutor filed a show cause order, in the Domestic Relations Court, alleging an arrearage for non-payment of support in the sum of $9,552.00. The matter was heard before a Referee of the Domestic Relations Court on June 23, 1982. The testimony indicated that the Petitioner had been unemployed since 1976, that he lived with his sister, and that his sole income consisted of Veterans Administration job-seeking funds and bus tokens. The Domestic Relations Court found Petitioner in contempt and imposed a sentence of ten (10) days in jail. The ten (10) day jail sentence was suspended pending further review on August 22, 1982.

3. On August 25, 1982, the Court again continued the matter upon proof that Petitioner was looking for work, and set November 3, 1982, as the new date for review. On that date, Keith Hall, Referee of the Domestic Relations Court, found that Petitioner had secured three weeks of employment during the previous three-month period. Based upon said finding, the Referee, once again, held Petitioner in contempt and recommended sentencing him to serve the ten (10) days originally imposed on June 23, 1982, and ten (10) additional days to be served consecutively. On November 23, 1982, Judge Lillian Kern of the Domestic Relations Court approved the Order of the Referee and issued an Order of Confinement.

4. At all hearings, during all proceedings, and at all times pertinent hereto as described above, Petitioner was not represented by counsel. The Court, at no time, advised Petitioner of any of his rights, including his Sixth Amendment Right to Counsel.

5. On February 12, 1983, Petitioner was confined for twenty (20) days to the Montgomery County jail, pursuant to Judge Kern's Order of November 23, 1982.

6. On February 22, 1983, the Petitioner filed his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, asserting that he was in confinement under a State Court Order, that he was denied his right to counsel under the Sixth Amendment to the United States Constitution, that he was indigent and that he was without remedy in the Courts of the State of Ohio.

7. On February 24, 1983, at 2:33 P.M., this Court issued its Order directing the Respondent to show cause why the Petitioner's application for Writ of Habeas Corpus should not be granted. A Show Cause hearing was set for Friday, February 25, 1983, at 1:30 P.M. On the same date that this Court issued its Show Cause Order, at 3:24 P.M., Judge Guy Cline, a visiting Judge sitting for Judge Lillian Kern in the Court of Domestic Relations of Montgomery County, Ohio, issued an Order suspending the further imposition of sentence and released Petitioner from confinement. Judge Cline's Order reads, in full, as follows:

> For good cause shown the unexecuted portion of the sentence of jail is hereby suspended and HERBERT D. BRUMFIELD is hereby ordered released instanter.

8. The Petitioner was immediately released.

The issue before this Court is whether the Petitioner may continue his action in

Habeas Corpus, where the balance of his sentence has been *unconditionally* suspended and he has been released from confinement.

The captioned cause must be dismissed due to mootness. The language of Judge Cline's Order, quoted above, clearly reveals that the suspension of the unexecuted portion of the sentence is unconditional and *not* contingent or conditioned upon a future event or course of conduct on the part of the Petitioner, i.e. conditioned upon the Petitioner obeying further orders of the Court, making payments on the arrearage on child support, etc. Indeed, based upon the wording of the Order in question, it is clear that the Domestic Relations Court would be legally powerless to seek to impose or to execute the suspended portion of the sentence. Therefore, regardless of the wording used by Judge Cline, any purported distinction between his use of the word "suspended" as opposed to "vacated" is a distinction without a difference, in that the legal effect is the same—the balance of the Petitioner's sentence is suspended. Since no condition is attached to that suspension, same is unconditional and the Petitioner can never legally be required to serve the balance of the sentence.

No collateral consequences of the confinement are possible, given the factual situation as it exists in the case at bar. The Petitioner has not sought to vacate either the conviction or the sentence, but merely the execution thereof. The vacation of the execution of this sentence has already been accomplished by Judge Cline's Order.

The factual situation that exists in the captioned cause differs from that which existed in two seemingly similar cases decided within the Southern District of Ohio and, therefore, compels a result different than was reached in those cases. In both

*Young v. Whitworth*, 522 F.Supp. 759 (S.D. Ohio, W.D.1981) and *Mastin v. Fellerhoff*, 526 F.Supp. 969 (S.D.Ohio, W.D.1981), Judges Hogan and Spiegel, respectively, recognized that when an indigent father is faced with imprisonment on contempt charges for non-support, counsel must be provided to him. However, in both cases, mootness was not at issue, in that there was an agreement in each case to stay the proceedings (the petitioner's incarceration upon a finding of contempt for non-support), pending the resolution of the underlying litigation testing the question of the Petitioner's right to court-appointed counsel in civil non-support cases.[1]

WHEREFORE, based upon the aforesaid, generally, and specifically upon the fact that the Petitioner is not in custody at present and that, by virtue of the *unconditional* suspension of the balance of his sentence for contempt of Court, there are and can be no collateral consequences to the Petitioner from the original sentence of confinement, it is the Opinion of this Court that the captioned cause is moot, within the law and same is, therefore, dismissed, with prejudice to a new action.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

1. The underlying substantive issue (the right of an indigent parent, faced with imprisonment on contempt charges for non-support, to have counsel provided to him, is no longer subject to dispute.) *Young v. Whitworth, supra; Mastin v. Fellerhoff, supra;* the *State ex rel. Cody v. Toner, Judge,* 8 Ohio St.3d 22, 456 N.E.2d 813 (1983), holding that "[t]he denial of court-appointed counsel for an indigent paternity defendant who faces the state as an adversary, when the complainant-mother and her child are recipients of public assistance, violates the due process guarantees of the Ohio and United States Constitutions."